IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MANUEL FLORES,<br><br>Defendant. | CR 25–41–M–DLC<br><br><br>ORDER |

Before the Court is Defendant Manuel Flores's Motion to Dismiss Indictment. (Doc. 28.) The Government opposes the Motion (Doc. 30), and Flores did not file a Reply Brief. For the reasons herein, the Motion is DENIED.

## Discussion

Flores was indicted on August 27, 2025, for the sole count of attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). (Doc. 17.) The Indictment charges as follows:

> THE GRAND JURY CHARGES:
> That on or between June 2024 and August 17, 2025, at Missoula, in Missoula County, in the State and District of Montana, and elsewhere, including Arizona, the defendant, MANUEL FLORES, knowingly used a means of interstate commerce, including the internet and a cellular phone, to attempt to persuade, induce, entice, and coerce any individual who had not attained the age of 18 year to engage in sexual activity for which any person can be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b).

1

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

Flores argues that the Indictment in this matter should be dismissed because the Indictment lacks specificity and fails to state an offense. (Doc. 29 at 5.) Specifically, Flores contends that the Indictment impermissibly charges an inchoate offense but fails to allege a target offense. (Doc. 29 at 3–4.) Flores highlights that the statutory age of consent is materially different in the two jurisdictions identified in the Indictment. (*Id.* at 4.)

However, as noted by the Government, the Ninth Circuit has explained that "Section 2422(b) does not require the Government to allege a specific predicate offense." *United States v. Lopez*, 4 F.4th 706, 720 (9th Cir. 2021). Even if the Government were required to bind itself to a predicate offense, the Court finds that the Government's response brief provides sufficient notice to Flores of the universe of crimes referenced in the Indictment. (*See* Doc. 30 at 5.)

Accordingly, IT IS ORDERED that the motion (Doc. 28) is DENIED.

DATED this 5th day of January, 2026.

_____
Dana L. Christensen, District Judge
United States District Court